THOMPSON, District Judge,
Dissenting.
In addition to the arguments addressed in the majority opinion, Petitioners also argued that the translator employed at their asylum hearing was not familiar with Christian terminology and therefore interpreted words relating to Christianity poorly (e.g., translating “Genesis” as “the book of birth”). The BIA denied Petitioners’ request for an evidentiary hearing, stating that it would not consider the translation issue because counsel for Petitioners had failed to object to the poor translation at the asylum hearing. The BIA has not responded to Petitioners’ subsequent requests for access to the audio recording of the hearing.
The substantial evidence standard requires a reviewing court to afford great deference to an IJ’s credibility determinations because the IJ is best positioned to observe and assess an asylum applicant’s testimony and demeanor. See Dia v. Ashcroft, 353 F.3d 228, 252 n. 23 (3d. Cir.2003). That standard is strained, however, where the IJ’s evaluation is based on a potentially inaccurate translation of the applicant’s testimony. An adverse credibility determination based on potentially inaccurate information stemming from poor translation is hardly more reliable than one based on speculation or conjecture. See Dia, 353 F.3d at 249.
Attorneys representing asylum applicants cannot reasonably be required to speak the various languages of their clients and cannot be expected to know whether or not a translation is objectionable without further investigation after the hearing. I would find that the BIA was unreasonable to require Petitioners’ counsel to object to the translation problems during the asylum hearing and should have given Petitioners access to the audio tapes of the hearing. Accordingly, I respectfully dissent.